**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROOTS READY MADE GARMENTS CO., W.L.L., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> THE GAP, INC., AKA Gap, Inc.; GAP INTERNATIONAL SALES, INC.; BANANA REPUBLIC, LLC; OLD NAVY, LLC, <br><br> Defendants - Appellees. | No. 08-17421 <br><br> D.C. No. 3:07-cv-03363-CRB <br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted November 2, 2010
San Francisco, California

Before: THOMAS and IKUTA, Circuit Judges, and RESTANI, Judge. [**]

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

The district court did not err in ruling that the parol evidence rule, Cal. Code Civ. Proc. § 1856, barred Roots from presenting evidence of the terms of an alleged May 2003 oral contract between Roots and Gap that contradicted the terms of the 2003 written Gap-Gabana contract. Although Roots was not a party to the Gap-Gabana contract, California's parol evidence rule applies to strangers to a contract who challenge that contract's terms, *see Kern Cnty. Water Agency v. Belridge Water Storage Dist.*, 18 Cal. App. 4th 77, 86–87 (1993), and here the record establishes that Roots and Gap intended to document the terms of their deal by means of the written Gap-Gabana contract. The record does not support Roots' claim that there is a genuine issue of material fact as to whether Gap intended to make a unilateral offer to Roots that Roots could accept by making a payment. *See Davis v. Jacoby*, 1 Cal. 2d 370, 379 (1934). The testimony of Roots' witnesses, when read in context, does not create a genuine issue of material fact as to the continuing existence of an oral contract separate from the Gap-Gabana contract. Nor does Abu Issa's declaration create such a genuine issue: the district court did not abuse its discretion in excluding the declaration, which it found flatly contradicted Abu Issa's earlier deposition testimony. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998–99 (9th Cir. 2009). Without this declaration, Roots' claim that Gap repeatedly reaffirmed the continuing existence of the oral contract,

-2-

and is therefore estopped from claiming that the oral contract merged with the written one, lacks any support in the record.

The district court did not err in granting summary judgment to Gap on Roots' claim that it entered into a second oral contract with Gap in June 2003. Abu Issa, Roots' sole witness to that oral contract, admitted that the May 2003 contract was the only oral contract. Nor does evidence that Roots acted consistently with the terms of the alleged oral contract create a genuine issue of fact regarding its existence, because Roots had earlier committed to taking such actions under the terms of its letter of understanding with Gabana.

The district court did not err in granting summary judgment to Gap on Roots' claim that Gap breached the covenant of good faith and fair dealing by prematurely terminating its relationship with Roots. Roots cannot bring a claim for breach of an implied term of the oral contract, because any such contract was preliminary and merged with the integrated Gap-Gabana agreement, which expressly gave Gap the right to terminate its relationship with Gabana and its retailers. *See Gerdlund v. Elec. Dispensers Int'l*, 190 Cal. App. 3d 263, 270 (1987). Roots' reliance on *Locke v. Warner Bros., Inc.*, 57 Cal. App. 4th 354, 364–65 (1997), is unavailing, because Gap's obligations under the Gap-Gabana agreement were not dependent on its "subjective satisfaction" with Gabana's or

Roots' services, and therefore California law does not read a covenant of good faith and fair dealing into Gap's exercise of its discretion, *see Third Story Music, Inc. v. Waits*, 41 Cal. App. 4th 798, 808 (1995).

Although Roots appealed the district court's grant of summary judgment to Gap on Roots' fraudulent concealment claims, it failed to appeal the district court's alternative ruling, namely, the district court's dismissal of Roots' fraudulent concealment claim under Federal Rule of Civil Procedure 9(b). Accordingly, Roots has "abandoned [its] right to appeal the grant of summary judgment" on this claim, *MacKay v. Pfeil*, 827 F.2d 540, 542 n.2 (9th Cir. 1987) (per curiam), and we do not address it here.

We also affirm the district court's dismissal of Roots's unfair competition claim. *See* Cal. Bus. & Prof. Code § 17200. Even if the district court erred in dismissing this claim on the ground that it had to be tethered to a statutory violation, *see Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 994 (9th Cir. 2000), Roots failed to identify conduct that comprises "unfairness " for purposes of § 17200. Gap's termination of the Gap-Gabana contract before Roots could recoup its investment in the excess inventory and in its Middle Eastern retail network does not meet the requisite standard, because such conduct was permitted by the plain terms of the contract, and the "unfairness" prong of section 17200

"does not give the courts a general license to review the fairness of contracts." *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 887 (1999) (internal quotation marks omitted) (quoting *Samura v. Kaiser Found. Health Plan, Inc.*, 17 Cal. App. 4th 1284, 1299 n.6 (1993)).

The district court did not err in granting summary judgment to Gap on Roots' quasi-contract claims, because an "action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter." *Lance Camper Mfg. Corp. v. Republic Indem. Co.*, 44 Cal. App. 4th 194, 203 (1996). For the reasons explained above, the written contract between Gap and Gabana is the contract documenting the Roots-Gap agreement.[1]

**AFFIRMED.**

---

[1] Because we affirm the district court's disposition of Roots' claims, we do not reach Roots' arguments regarding the district court's pre-trial rulings on damages, or Gap's motion to strike portions of Roots' excerpts of record and opening brief relating to damages evidence.